129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eddie KING, Plaintiff-Appellant,
v.
William O'SULLIVAN, Owen Murray, and Debbie Fuqua,
Defendants-Appellees.
 No. 96-2415.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 31, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 95 C 3128; Richard Mills, Judge.
 Before FLAUM, RIPPLE, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Eddie King, who is currently incarcerated at Western Illinois Correctional Center ("WICC"), brought this suit under 42 U.S.C. § 1983, alleging that the defendants violated his rights under the Eighth Amendment by denying him adequate medical care following hip replacement surgery. The district court entered summary judgment in favor of the defendants on the grounds that King failed to demonstrate that the defendants acted with deliberate indifference to a serious medical need. Drawing all reasonable inferences from the record in the light most favorable to King, we find that the district court did not err in granting summary judgment in favor of the defendants. See Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir.1997). We affirm.
 
 
 2
 Initially, King argues the district court improperly resolved disputed issues of fact in granting summary judgment in favor of the defendants. Specifically, King claims that a disputed issue of material fact existed regarding whether O'Sullivan and Fuqua were aware of King's medical needs. The irrelevant irregularities in the evidence that King points to, however, are not genuine issues of material fact and do not preclude summary judgment. Valence v. Wisel, 110 F.3d 1269, 1274-75 (7th Cir.1997). Even accepting that O'Sullivan and Fuqua were aware of King's complaints, King still failed to establish a question of material fact whether or not O'Sullivan and Fuqua were deliberately indifferent to his hip condition. Vance v. Peters, 97 F.3d 987, 993 (7th Cir.1996), cert. denied, 117 S.Ct. 1822 (1997). It is not enough for King to argue that O'Sullivan and Fuqua were aware he was denied access to medical care. Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir.1997). King must show that O'Sullivan and Fuqua knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated in it. Vance, 97 F.3d at 994.
 
 
 3
 In order to prove an Eighth Amendment violation, a prisoner must establish that, objectively, the alleged deprivation is "sufficiently serious," and that, subjectively, the defendant had a "sufficiently culpable state of mind." Vance, 97 F.3d at 991 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994). As stated in Hudson v. McMillian, 503 U.S. 1, 5 (1992), "the appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.' " Deliberate indifference is present only if the defendant "knows of and disregards an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837.
 
 
 4
 Viewing the record in the light most favorable to King, the district court did not err in concluding that the defendants were not deliberately indifferent to King's hip condition and that the defendants were entitled to summary judgment in their favor. The record reveals that King repeatedly received treatment during his incarceration at WICC. See Gutierrez, 111 F.3d at 1374. Murray and other medical staff conducted regular examinations of King, performed numerous x-rays to assess the stability of King's hip joint and condition of his prosthetic device, and repeatedly prescribed pain medication.
 
 
 5
 Despite King's claims that he should have received physical therapy for his hip condition, King is not entitled to a specific treatment, or even the best care, only reasonable measures to meet a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d 262, 266-67 (7th Cir.), reh'g denied (1997). The doctors at WICC specifically concluded that physical therapy was not warranted. Even accepting King's argument that the treatment of his hip condition was not proper, an incorrect diagnosis or improper treatment does not constitute deliberate indifference under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Gutierrez, 111 F.3d at 1374.
 
 
 6
 We affirm the district court's judgment.
 
 
 
 *
 After an examination of the briefs and record, we have conclude that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)